TOM C. TSAY  (SBN 180294)
HELEN W. QUAN (SBN 207361)
LAW OFFICES OF TOM C. TSAY, INC.
208 E. VALLEY BLVD. #C
SAN GABRIEL, CA 91776
TEL:  (626) 307-4198
FAX: (626) 307-4199

ATTORNEYS FOR PLAINTIFFS,
KEVIN GOU, CANDICE NGAI, GLORIA H. LIU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEVIN GOU, CANDICE NGAI, and GLORIA H. LIU, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>vs.<br><br>HEIGHTS INSURANCE GROUP, INC., a California corporation dba KCAL INSURANCE AGENCY; GOOD DEAL INSURANCE SERVICES, a California corporation; BEST OPTION INSURANCE SERVICES, a California corporation; AMAS INSURANCE AGENCY, a California Business Entity Form Unknown; KENNY CHANG, an individual; KENNY CHANG, as shareholder of ACAL INSURANCE AGENCY, INC.; and DOES 1 through 100, inclusive,<br><br>                              Defendants. | Case No. 2:17-cv-1402<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**1. VIOLATION OF FLSA (Fair Labor Standards Act of 1938)**<br><br>**2. VIOLATION OF CALIFORNIA LABOR LAW**<br><br>**3. UNLAWFUL BUSINESS PRACTICE**<br><br><br>**DEMAND FOR JURY TRIAL** |

- 1 –

**CLASS ACTION COMPLAINT**

## CLASS AND COLLECTIVE ACTION COMPLAINT

**AND NOW** come plaintiffs KEVIN GOU, CANDICE NGAI, and GLORIA H. LIU ("Plaintiffs"), on behalf of themselves and all others similarly situated and allege as follows:

### NATURE OF ACTION

1.      This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to Plaintiffs and all other former and current employees of HEIGHTS INSURANCE GROUP, INC., a California corporation dba KCAL INSURANCE AGENCY; GOOD DEAL INSURANCE SERVICES, a California corporation; BEST OPTION INSURANCE SERVICES, a California corporation; AMAS INSURANCE AGENCY, a California Business Entity Form Unknown; KENNY CHANG, an individual; KENNY CHANG, as shareholder of ACAL INSURANCE AGENCY, INC., a dissolved California corporation ( "Defendants"), similarly situated, by the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 et seq.; the laws of California; and by other applicable state law.

### JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under 29 U.S.C. § 216(b) conferring jurisdiction of any civil action arising under the FLSA.

3.      This Court's pendent jurisdiction for claims arising under applicable state law is also invoked.

4.      Venue is appropriate in this District since Defendants conducted business in this District, and named Plaintiffs worked for Defendants in this

- 2 –

**CLASS ACTION COMPLAINT**

District.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

5.  Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 4, above.

6.  Plaintiffs bring their FLSA claims as a collective action under 29 U.S.C. § 216(b), and their California, and other state law claims as a class action under Federal Rule of Civil Procedure 23.

7.  The individuals who are similarly situated and are the Class Members are defined as current or former employees whose principal and primary job duties consisted of selling insurance products to Defendants' customers as sales representatives, or assist the sales representatives in general daily office tasks as assistants when such employees worked more than 40 hours in any workweek and were not paid the applicable statutory premium rate for overtime work.  This class includes, without limitation, such job titles as customer/sales representatives, assistants to customer/sales representatives, and all job titles performing similar duties.

8.  The state law claims are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

9.  The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

10.  The class size is believed to be over 100 employees.

11.  The named Plaintiffs will adequately represent the interests of the Class Members because they are similarly situated to the Class Members and their claims are typical of, and concurrent to, the claims of the other class members.

12.  Common questions of law and fact predominate in this action because the claims of all Class Members are based on whether Defendants' policy of not paying statutory overtime to employees who worked as sales representatives or sales assistants for hours in excess of forty per week violates applicable state laws.

**CLASS ACTION COMPLAINT**

13.   There are no known conflicts of interest between the named Plaintiffs and the other class members.

**CALIFORNIA CLASS ACTION ALLEGATIONS**

14.   Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 13, above.

15.   The Plaintiffs bring the second and third claims under the California Labor Code and Business & Professions Code Section 17200 ("UCL") for Defendants' violations of California's wage and hour laws on behalf of the following proposed class, the members of which have all been damaged by Defendants' above-described conduct.

a.   All persons who worked, and currently are working for Defendants at the corporate offices and branches in California in the four years prior to the filing of the initial Complaint, up through the certification of this action, as customer sales representatives or assistants, as well as general employees; and

b.   All members of the class who have separated from employment with Defendants within the statute of limitations period applicable to claims under Section 203 of the California Labor Code and UCL.

16.   The proposed Class Members are brought, and may properly be maintained, as class actions under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) and/or as a representative action pursuant to the UCL, which must comply with the same class action certification requirements as Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

17.   Pursuant to those requirements, the Class Members are so numerous that joinder of all members is impracticable.  Common questions of law and fact exist as to all members of the class that predominate over any questions affecting individual members, including:

a.   Whether Defendants violated California Labor Code Sections 510 & 1194 and the California Business & Professions Code Section 17200 by

**CLASS ACTION COMPLAINT**

failing to pay regular wages and/or premium compensation to the Class Members who worked in excess of forty (40) hours per week, and/or eight (8) hours a day and/or twelve (12) hours per day;

b.      Whether Defendants violated California Labor Code Section 226 and the California Business & Professions Code Section 17200 by failing to keep accurate records of employees' hours worked, and by failing to provide accurate semi-monthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the relevant pay period(s);

c.      Whether Defendants violated California Labor Code Sections 201-203 by failing to provide all wages earned and due at the time of termination to Class Members; and

d.      The proper measure of damages sustained by Class Members and the restitution owed to them.

18.     Plaintiffs' claims are typical of those of the Class Members.

19.     Plaintiffs, like other Class Members, were subjected to Defendants' policy and practice of failing to pay regular and overtime compensation, and failing to maintain and provide accurate itemized wage statements, all in violation of California law.  Plaintiffs' job duties and compensation were also typical of other members of the class.

20.     Plaintiffs will fairly and adequately represent and protect the interests of the putative members of the Class Members because they have no disabling conflict(s) of interest that would be antagonistic to those of the other Class Members.  Plaintiffs have retained counsel who are competent and experienced in class action wage and hour litigation.

21.     Applying generally to the class in that it has common policies and practices of (a) refusing to pay regular and overtime compensation, (b) failing to maintain and provide accurate itemized wage statements to all members of the

**CLASS ACTION COMPLAINT**

class, and (c) failing to pay all wages due and payable at the time of termination to Class Members.  Accordingly, injunctive and declaratory relief is appropriate for the Class as a whole.

22.    Class treatment is superior to alternative methods to adjudicate this dispute because Plaintiffs and the similarly situated employees suffered similar treatment and harm as a result of systematic policies and practices, and because absent a class action, Defendants' unlawful conduct will likely continue un-remedied and unabated given that the damages suffered by individual class members are small compared to the expense and burden of individual litigation.

23.    Class certification is also superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

## THE PARTIES

### A.    Named Plaintiffs and Class Members

24.    Named plaintiff KEVIN GOU ("KEVIN") was an employee of Defendants under the relevant federal and state statues for approximately 15 months through approximately February 2015, named plaintiff KEVIN worked for Defendants as a customer service representative in California.  Named plaintiff KEVIN typically worked over 40 hours per week during the relevant time period.

25.    Named plaintiff CANDICE NGAI ("CANDICE") was an employee of Defendants under the relevant federal and state statues for approximately 2 years and 5 months through approximately July 2015, named plaintiff CANDICE worked for defendants as an assistant to a sales representative in California.  Named plaintiff CANDICE typically worked over 40 hours per week during the relevant time period.

26.    Named plaintiff GLORIA H. LIU ("GLORIA") was an employee of Defendants under the relevant federal and state statues for approximately 15 years through approximately April 2014, named plaintiff GLORIA worked for

**CLASS ACTION COMPLAINT**

Defendants as a customer service representative California.  Named plaintiff GLORIA typically worked over 40 hours per week during the relevant time period. Additionally, although GLORIA performed the same duties and worked in the same location, she nevertheless received both W-2s and 1099s in the same years from Defendants.

27.    The Class Members are those employees of Defendants who are similarly situated, as defined above, and who suffered and worked for Defendants but were not paid their statutory required rate of pay for all hours worked.

**A.    Defendants**

28.    Defendant HEIGHTS INSURANCE GROUP, INC., a California corporation dba KCAL INSURANCE AGENCY is and was a business entities doing business in California and at times relevant hereto was authorized to do business, and was conducting and transacting business in the State of California, County of Los Angeles.

29.    Defendant GOOD DEAL INSURANCE SERVICES, a California corporation, is and was a business entities doing business in California and at times relevant hereto was authorized to do business, and was conducting and transacting business in the State of California, County of Los Angeles.

30.    Defendant BEST OPTION INSURANCE SERVICES, a California corporation, is and was a business entities doing business in California and at times relevant hereto was authorized to do business, and was conducting and transacting business in the State of California, County of Los Angeles.

31.    Defendant AMAS INSURANCE AGENCY, a California Business Entity Form Unknown, is and was a business entities doing business in California and at times relevant hereto was authorized to do business, and was conducting and transacting business in the State of California, County of Los Angeles.

32.    Defendant KENNY CHANG, an individual, is, and was, at all times mentioned herein, a resident of Los Angeles County.

**CLASS ACTION COMPLAINT**

33.     Defendant KENNY CHANG, an individual, as shareholder of ACAL INSURANCE AGENCY, INC., a dissolved California corporation, is, and was, at all times mentioned herein, a resident of Los Angeles County.

34.     Defendants engaged in the sales of insurance policies crossing the interstate lines.

35.     Defendants employed 100 or more people during the relevant time of this lawsuit.

36.     Defendants collectively is an enterprise engaged in interstate commerce whose annual gross volume of sales is not less than $500,000.00.

## GENERAL ALLEGATIONS

37.     Plaintiffs, on behalf of themselves and more than 100 employees for the period February 22, 2013 to the present and contend that they were misclassified as independent contractors, misclassified as exempt employees, failure to pay overtime wages (California Labor Code Section 510), failure to provide rest periods (California Labor Code Sections 226.7, 512), itemized wage statement violations (California Labor Code Section 226), and entitled to recover under the California Labor Code, FLSA, and UCL.

38.     Plaintiffs allege that Defendants HEIGHTS INSURANCE GROUP, INC. dba KCAL INSURANCE AGENCY, GOOD DEAL INSURANCE SERVICES, BEST OPTION INSURANCE SERVICES, AMAS INSURANCE AGENCY, ACAL INSURANCE AGENCY, INC., are corporations, in essence, incorporated or operated by Defendant Kenny Chang as his alter ego, primarily to circumvent statutes, laws, and government regulations, to accomplish wrongful business practice, to defraud government, and to take advantages of other individuals and entities.

39.     Plaintiffs allege that, at all times herein mentioned, the individual Defendant Kenny Chang sued herein:

a.  held, and do now hold, substantial, if not all, interest in said corporate

## CLASS ACTION COMPLAINT

Defendants;

b.  dominated, controlled, and influenced, and does now dominate, control, and influence, said corporate Defendants, their officers, their businesses and their properties;

c.  used said corporate Defendants, since their incorporation to present, as a mere shell and naked framework and conduit for conducting their personal business and/or property affairs, and/or as obligor for the assumption of obligations and/or liabilities incapable of performance by the corporate Defendant, which are in fact the personal obligations and liabilities of said individual Defendant;

d.  created the corporate Defendants pursuant to a scheme, plan and design conceived by said individual Defendant to perpetuate fraudulent acts whereby the corporate Defendants' income, revenue and profits would eventually be funneled to, and converted by, said individual Defendant; and

e.  have such a unity of interest and control between themselves and the corporate Defendants such that the individuality and separateness of said corporate Defendants and of said individual Defendant have ceased. Adherence to the fiction of the separate existence of said corporate defendants would improperly sanction inequity and promote injustice.

40.    Defendants Heights Insurance group, Inc. dba Kcal Insurance Agency, Good Deal Insurance Service, Best Option Insurance Service, Amas Insurance Agency, and Acal Insurance Agency collectively formed a dominant group that operates out of eight branches in Southern California serves the community's auto, home, life, health, worker's compensation, travel, and commercial insurance needs. Defendants have been advertized publicly in varies media such as Chinese Yellow Page, Chinese Daily News, Chinese Radio Stations, and Internet announcing collectively that they are a group that operate as one dominate firm in Southern

**CLASS ACTION COMPLAINT**

1    California insurance market.

2        41.    The purpose of KENNY CHANG's forming of the multiple entities

3    was carried out to defraud government and individuals by concealing its violation

4    of Federal and California labor laws and UCL.

5        42.    With unity of interest and ownership, Defendants collectively formed a

6    dominant group that operates eight branches in the cities of Hacienda Heights,

7    Arcadia, Cerritos, Diamond Bar, Irvine, Monterey Park, and San Gabriel.

8        43.    California recognizes alter ego relationships, permitting a corporation's

9    liabilities to be imposed on an individual or entity, when two conditions are

10   satisfied: (1) "there is such a unity of interest and ownership that the individuality,

11   or separateness, of the said person and corporation has ceased," and (2) "an

12   adherence to the fiction of the separate existence of the corporation would...sanction

13   a fraud or promote injustice." *Wood v. Elling Corp.*, (1977) 20 Cal. 3d 353, 365 n.9.

14       44.    At all relevant times herein, Plaintiffs were and are employed by

15   Defendants as a CSRs (customer sales and/or service representatives), sales

16   assistants, or other positions.

17       45.    At all relevant times herein, Plaintiffs were misclassified as exempt

18   employees.  The misclassification stripped Plaintiffs entitlement of overtime

19   compensation.

20       46.    At all relevant times herein, Plaintiffs were employed by Defendants in

21   the position of customer sales representatives, assistants to sales representatives or

22   other positions.

23       47.    Plaintiffs were and are  purposefully misclassified as "independent

24   contractor."

25       48.    Defendants issued Form 1099 to Plaintiffs, when, in fact, they were

26   actually employees of Defendants.

27       49.    Plaintiffs were and are employed by Defendants and rightfully entitled

28   under California law to full wages and compensation for all work performed and

- 10 –

**CLASS ACTION COMPLAINT**

each hour worked including premium pay for overtime worked and rest and meal breaks provided by law.

50.    At all relevant times herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy and practice of not paying employees proper compensation and/or proper overtime compensation, not paying employees correctly for all hours worked, not making all appropriate deductions as well as taking illegal and inappropriate deductions under appropriate State and Federal withholding laws, not accurately recording hours worked and itemizing wage statements in the course and scope of their employment with Defendants, failing to properly itemize wages, and failing to permit and authorize rest and meal periods all in violation of California Industrial Welfare Commission Wage Order, and as contained in California Code of Regulations, and California Labor Code.

51.    Plaintiffs allege that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and said acts and failures to act were made within the course and scope of said agency, employment and/or direction and control, and were committed willfully, maliciously, oppressively and fraudulently.

52.    At all times alleged herein, Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to classify Plaintiffs as independent contractors thereby depriving Plaintiffs from the protections afforded by Federal and State labor laws including, but not limited to, the payment of overtime, reimbursement of expenses incurred in the course and scope of employment, providing for meal and rest breaks, avoiding payment of payroll and other taxes and taking improper deductions from Plaintiffs' compensation.

53.    Defendants, through at least the past four (4) years, have conducted a pattern of Unfair Business Practice under Business & Professions Code Sections 17200, et seq.

**CLASS ACTION COMPLAINT**

54.     UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL authorizes this Court to issue whatever orders or judgments may be necessary to prevent unfair or unlawful practices, or to "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Id. § 17203.

55.     UCL prohibits businesses from engaging in "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," and was designed to protect competitors and consumers from illegal, fraudulent and "unfair" business practices.

56.     Defendants committed "unlawful" business acts or practices by, among other things, inducing Plaintiffs to rely on their promises to their detriment, breaching of the covenant of good faith and fair dealing inherent in the employment agreements, that a client was induced to believe that loans are discharged by substitute performance.

57.     As a proximate result of the wrongful acts herein alleged, Plaintiffs have been damaged in the sense she has not been paid overtime for hours worked in excess of 8 in one work day and/or 40 in one work week, have not received all wages due at the time their employment terminated, did not receive rest and meal breaks, had improper deductions taken from them compensation, were illegally and did not have proper deductions under the applicable Federal and State withholding laws.

58.     As a direct and legal result of Defendants' willful, malicious and unfair conduct to Plaintiffs and Class Members, they have suffered and continues to suffer damages in a sum according to proof.

## FIRST CLAIM

## (FAIR LABOR STANDARDS ACT)

59.     Plaintiffs, on behalf of themselves and all Class Members, re-allege

- 12 -

**CLASS ACTION COMPLAINT**

1   and incorporate by reference all allegations previously made in Paragraphs 1

2   through 58 above as if fully set forth herein.

3        60.    Defendants violated their obligations to pay overtime wages under the

4   FLSA and are liable to named Plaintiffs and those Plaintiffs similarly situated.

5        61.    As a direct and legal result of Defendants' willful and unfair conduct,

6   named Plaintiffs and those Plaintiffs similarly situated (Class Members) have

7   suffered damages.

8                          **SECOND CLAIM**

9             **(VIOLATION OF CALIFORNIA LABOR LAWS)**

10       62.    Plaintiffs, on behalf of themselves and all Class Members, re-allege

11  and incorporate by reference all allegations previously made in Paragraphs 1

12  through 61 above as if fully set forth herein.

13  **Failure to Pay Overtime Compensation**

14       63.    Defendants willfully violated their obligations to pay overtime wages

15  under California law, including those under Labor Code Sections 1194, et seq., by

16  willful failing to pay plaintiffs and those plaintiffs similarly situated (Class

17  Members) the legal overtime compensation applicable to Class Members.

18       64.    As a direct and legal result of Defendants' willful and unfair conduct,

19  named plaintiffs and those plaintiffs similarly situated (Class Members) have

20  suffered damages.

21  **Failure to Immediately Pay Wages Upon Discharge/Layoff/Resignation**

22       65.    Defendants willfully violated their obligations to immediately pay

23  wages upon discharge or layoff under California law, including those under Labor

24  Code Sections 201, et seq., by willful failing to pay plaintiffs and those Plaintiffs

25  similarly situated (Class Members) who have been discharged or laid off, or

26  resigned all wages earned and unpaid at the time of discharge, or laid off, or

27  resigned.

28       66.    Defendants willfully violated their obligations to pay Class Members

**CLASS ACTION COMPLAINT**

who have resigned all wages earned and unpaid at the time of resignation, or within 72 hours thereafter.

67.    Defendants did not pay Class Members who have discharged, were laid off or resigned their regular or statutory required rate of pay for all hours worked, as required by California law.  Defendants' failure to pay those amount is ongoing.

68.    As a direct and legal result of Defendants' willful and unfair conduct, named Plaintiffs and those Plaintiffs similarly situated (Class Members) have suffered damages.

69.    Defendants are liable to class members for statutory penalties, pursuant to California Labor Code Section 203, in the amount set forth therein.

**Failure to Provide Required Meal and Rest Periods**

70.    Defendants willfully violated their obligations under California law, including those under Labor Code Sections 226.7 and 512, et seq., by willful failing to pay Plaintiffs and those Plaintiffs similarly situated (Class Members) the legally required meal and rest periods.

71.    Defendants repeatedly and regularly interrupted Class Members' meal and rest periods and/or required Class Members to forego their meal and rest periods.

72.    Defendants failed to compensate class members for missed meal and rest breaks.

73.    As a direct and legal result of Defendants' willful and unfair conduct, named Plaintiffs and those Plaintiffs similarly situated (Class Members) have suffered damages in a sum according to proof.

**Failure to Furnish Timely and Accurate Wage Statements**

74.    Defendants willfully violated their obligations to immediately pay wages upon discharge or layoff under California law, including those under Labor Code Sections 226 (a) and 226.3, et seq., by willful failing to provide Class

**CLASS ACTION COMPLAINT**

Members with timely and accurate wage statements as required by California law.

75.    As a direct and legal result of Defendants' willful and unfair conduct, named Plaintiffs and those Plaintiffs similarly situated (Class Members) have suffered damages.

## THIRD CLAIM

**(Unfair Business Practices Under Business & Professions Code Sections 17200, et seq.)**

76.    Plaintiffs, on behalf of themselves and all members of the Class Members, re-allege and incorporate by reference all allegations previously made in Paragraphs 1 through 75 above as if fully set forth herein.

77.    Defendants' failure to pay class members for all hours worked constitutes unfair competition and unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professions Code Sections 17200, et seq.

78.    California Business and Professions Code Section 17200 prohibits businesses from engaging in "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," and was designed to protect competitors and consumers from illegal, fraudulent and "unfair" business practices.

79.    Defendants, and each of them, have engaged in fraudulent, unfair and deceptive business behavior and knowingly misrepresented material information.

80.    As described above, Defendants have violated the following California laws: (a) violation of California Labor Code Section 223 (relating to the failure to pay contractual wages); (b) violation of California Labor Code Section 226 (relating to providing correct wage statements and keeping correct records); (c) violation of California Labor Code Section 226.7 (relating to the failure to ensure proper meal periods and rest breaks) (d) violation of California Labor Code Section 512 (relating to the failure to ensure proper meal periods).

**CLASS ACTION COMPLAINT**

81.     Defendants' activities also constitute unfair business practices in violation of California Business & Professions Code Sections 17200 et seq., because Defendants' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs and the public.

82.     As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Class Members.

83.     Defendants are unjustly enriched through their failure to pay legal wages, and/or other compensation for working through rest periods, and compensation for un-provided rest periods to class members.

84.     As a direct and proximate result of the unfair business practices of defendants, and each of them, class members are entitled to equitable including full restitution and/or disgorgement of all wages which have been unlawfully withheld from class members as a result of the business acts and practices described herein.

85.     The predicate act violations which serve as the basis for this UCL claim (rest and meal period violations, reporting time violations, minimum wage and unpaid "off-the-clock") relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the worksite. As such, these claims also constitute predicate violations of the payment of wages when due and "working arrangement" provisions of AWPA.

86.     As a direct and legal result of Defendants' willful, malicious and unfair conduct to Class Members, class members have suffered and continues to suffer damages.

## **PRAYER**

**WHEREFORE,** plaintiffs KEVIN GOU, CANDICE NGAI, and GLORIA H. LIU, pray for judgment against Defendants in their favor and that they be given the following relief:

**CLASS ACTION COMPLAINT**

1.    Certification of this action as a class action on behalf of the proposed Class;

2. Designation of Plaintiffs KEVIN GOU, CANDICE NGAI, and GLORIA H. LIU, as Representatives of the Class Members;

3. For nominal damages;

4. For actual and compensatory damages;

5. For punitive and exemplary damages;

6. For an order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

7. An award to Plaintiffs of the value of the hours and wages, including overtime pay, which were not properly compensated under the FLSA and California State law;

8. Liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not  properly paid to Plaintiffs;

9. For unpaid wages pursuant to California Labor Code Section 1194 and liquidated damages pursuant to Labor Code Section 1194.2;

10. For interest accrued to date pursuant to Labor Code Section 218.6, 1194(a), 2802(b);

11. For reasonable attorneys' fees pursuant to Labor Code Section 218.5, 226, 1194, 2699 and 2802. Pursuant to Labor Code Section 2699(g), Plaintiffs are entitled to, and accordingly seeks, all attorney's fees and costs expended in the prosecution of this action;

12. That each of the Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code Section 17200 et seq.;

13. A declaratory judgment that the practices complained of herein are unlawful under the California Labor Code and California Unfair Competition Law,

**CLASS ACTION COMPLAINT**

California Business & Professions Code Sections 17200 et seq., and a declaration that:

    a. Defendants are found to have violated California Labor Code Section 201;

    b. Defendants are found to have violated Cal. Labor Code Section 202;

    c. Defendants are found to have violated Cal. Labor Code Section 203;

    d. Defendants are found to have violated Cal. Labor Code Section 226.7;

    e. Defendants are found to have violated Cal. Labor Code Section 510;

    f. Defendants are found to have violated Cal. Labor Code Section 1174;

    g. Defendants are found to have violated Cal. Labor Code Section 1194; and,

    h. Defendants are found to have violated applicable IWC Wage Orders;

    14. Appropriate equitable and injunctive relief to remedy Defendants' violation of California law, including but not limited to an order enjoining Defendants from continuing its unlawful practices;

15. Pre-judgment and post-judgment interest, as provided by law, including but not limited to California Labor Code Section 218.6 and California Business & Professions Code Section 17203;

16. For disgorgement of profits from the unfair and unlawful business practices of Defendants and restitution of all monies, wages, and benefits which were unlawfully withheld, and for such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Plaintiffs any money or property which may have been acquired by means of unlawful or unfair business acts and practices;

**CLASS ACTION COMPLAINT**

17. For an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights including fees pursuant to California Code of Civil Procedure Section 1021.5 and California Labor Code Sections 1194 and 2699;

18. a service payment to the named Plaintiffs for services provided on behalf of the Class Members;

19. for appropriate and equitable relief; and

20. for all such other and further relief that the Court may deem just and proper.

Dated:  February  21, 2017                    LAW OFFICES OF TOM C. TSAY, INC.


                                              _____/s/_____
                                              By: Helen W. Quan, Attorneys for Plaintiffs
                                              KEVIN GOU, CANDICE NGAI, and
                                              GLORIA H. LIU

**CLASS ACTION COMPLAINT**

1

## **JURY TRIAL DEMANDED**

2            Named Plaintiffs hereby demand a jury trial on all causes of action and

3      claims with respect to which they have a right to jury trial.

4

5      Dated:  February  21, 2017          LAW OFFICES OF TOM C. TSAY, INC.

6

7                                          _____*/s/*_____

8                                          By: Helen W. Quan, Attorneys for Plaintiffs
                                           KEVIN GOU, CANDICE NGAI, and

9                                          GLORIA H. LIU

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**